BARTON P. JACKSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-461-CR

BARTON P. JACKSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Barton P. Jackson guilty of the offenses of manufacture of a controlled substance, possession or transport of certain chemicals with intent to manufacture a controlled substance, and possession of a controlled substance.  Appellant was sentenced to forty-five years’ imprisonment with a $20,000 fine, twenty years’ imprisonment with a $10,000 fine, and forty-five years’ imprisonment with a $20,000 fine, respectively, to be served concurrently.  In three points, Appellant complains that the trial court erred by failing to give a requested limiting instruction, that his trial counsel was ineffective, and that the evidence is legally and factually insufficient to support his conviction.  We will affirm.

Background Facts

In January 2003, Fort Worth police officer Jason Back stopped a vehicle for failing to use a turn signal.  When Back approached the vehicle, he noticed that there were three people in the car.  Appellant was in the front passenger seat, and another person was in the back seat with a shotgun underneath his legs.  Back ordered the three individuals out of the vehicle and patted Appellant down for weapons.  Appellant admitted that he had a butterfly knife in his pocket.  He was arrested and placed inside one of the patrol vehicles at the scene.  Later, when Appellant was removed from the patrol car, a baggie of methamphetamine was lying where Appellant had been sitting.  Appellant told police that the shotgun was not his and that they could confirm this with his girlfriend, Marjorie Fisher.  He told police that he lived in room 121 of the Interstate Motel.  Officers went to the motel to speak with Fisher.  Fisher gave consent to search the room, and while the officers were inside the room questioning her about the shotgun, they noticed drugs and drug paraphernalia.  Although the room was registered under Fisher’s name, Officer J.W. Gottlob testified that the motel manager told him that Appellant also lived in the room and paid rent on the room each day.

Limiting Instructions

In his first point, Appellant argues that the trial court erred by failing to provide the jury with his requested limiting instruction.  Specifically, that the testimony of Officer Gottlob concerning what the motel manager told him should only be considered for impeachment purposes.  The State responds that Appellant was not entitled to a limiting instruction because he requested it too late, after the testimony had been admitted for all purposes.

Rule 105(a) of the Rules of Evidence provides,

When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court’s action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

Tex. R. Evid. 
105(a).  The court of criminal appeals has construed rule 105(a) as requiring the party opposing the admission of the evidence to object and request a limiting instruction when the evidence is introduced.  
Hammock v. State
, 46 S.W.3d 889, 894 (Tex. Crim. App. 2001); 
Garcia v. State
, 887 S.W.2d 862, 878 (Tex. Crim. App. 1994), 
cert. denied
, 514 U.S. 1021 (1995).  When a defendant does not request a limiting instruction at the first opportunity, the evidence is admitted for all purposes.  
See Hammock
, 46 S.W.3d at 895; 
Garcia,
 887 S.W.2d at 878.  Once the evidence is admitted for all purposes, a trial court need not issue a limiting instruction to the jury regarding that evidence.  
Hammock
, 46 S.W.3d at 895. 

Here, Appellant waited until after Officer Gottlob had completed his testimony and been excused from the witness stand to request a limiting instruction.  Because Appellant did not make this request at the time when Officer Gottlob testified regarding what the motel manager had told him, the evidence was admitted for all purposes.  Thus, we hold that the trial court did not err by refusing to give the jury a limiting instruction.  We overrule Appellant’s first point.

Ineffective Assistance of Counsel

In point two, Appellant contends that he received ineffective assistance of counsel because trial counsel failed to object to offers of inadmissible evidence.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, an appellant must show that his counsel's performance was deficient; second, an appellant must show the deficient performance prejudiced the defense. 
Strickland,
 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id
. at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.
  Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. 
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable.  
Id
. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id
. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id
., 104 S. Ct. at 2068.  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id
. at 697, 104 S. Ct. at 2070. 

Generally, the trial record will not be sufficient to establish an ineffective assistance of counsel claim.  
Jones v. State
, 133 S.W.3d 307, 312 (Tex. App.—Fort Worth 2004, no pet.).  This is often the case because a silent record cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy.  
Mallett v. State
, 65 S.W.3d 59, 65 (Tex. Crim. App. 2001); 
Thompson v. State
, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  A record affirmatively demonstrating the alleged ineffectiveness may, however, be provided by a motion for new trial hearing.  
See Jones
, 133 S.W.3d at 312.

In the instant case, Appellant argues that trial counsel failed to object 1) to the portion of the State’s opening statement regarding Fisher’s consent to search the motel room, 2) to the admission of Appellant’s oral statement directing police to check with his girlfriend in room 121 at the Interstate Motel, 3) to a comment in the State’s closing argument suggesting that there was a joint operation between Appellant and Fisher, 4) to evidence that Appellant was staying in the room with Fisher, and 5) to a written statement purportedly made by Appellant.  Appellant did file a motion for new trial, but the issue of ineffective assistance of counsel was not raised.  Therefore, the record does not reflect trial counsel’s reasons for failing to object.  Appellant’s complaint involves decisions that may or may not have been grounded in sound trial strategy.  Without a record showing counsel’s explanation, Appellant has failed to overcome the presumption that the challenged decisions were sound trial strategy.  
See Bone v. State
, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).  Accordingly, we hold that there is no basis on which to find that counsel’s representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel’s conduct was reasonable and professional.  Appellant’s second point is overruled. 

Legal and Factual Sufficiency

In his third point, Appellant asserts that the evidence is legally and factually insufficient to support his conviction.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).   Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

In the present case, Appellant contends that the evidence presented at trial does not connect him to the motel room where the drugs and drug paraphernalia were found and that the evidence therefore is legally and factually insufficient to support his conviction.  The accused may have either exclusive or joint possession of the controlled substance in order for the State to affirmatively link the accused to the contraband.  
Cude v. State
, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).  When the accused is not in exclusive possession of the place where the substance is found, his knowledge of and control over the contraband cannot be established unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband.  
Poindexter v. State
, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).  The State's evidence, whether direct or circumstantial, "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." 
 Id
. at 405-06. 

In this case, our review of the evidence shows that the State presented a significant amount of evidence to show that Appellant exercised control, management, or care over the drugs and drug paraphernalia that were found in room 121 at the Interstate Motel, thus affirmatively linking Appellant to the contraband.

There was testimony that the car in which Appellant was riding was stopped a short distance away from the motel.  Appellant was in possession of methamphetamine and a shotgun was found in the car when the police stopped the vehicle.  There was testimony that Appellant told officers the shotgun was not his and directed them to the motel in order to verify with Fisher that he did not own the shotgun.  Appellant also suggested to officers that he lived at the motel.  Fisher consented to a search of the room where officers noticed, in plain view, methamphetamine, a methamphetamine lab, and other drug paraphernalia. Officers also found male clothing and toiletries in the room.  The motel manager testified that Appellant was Fisher’s boyfriend and that he had been staying with Fisher in the room.  The manager also testified that after Appellant had been arrested, his parents stopped by the motel room to pick up some of his “stuff” that was in the room.  Furthermore, the motel manager testified that she had seen Appellant and Fisher with propane tanks in the room.

Appellant contends that the evidence does not establish that he resided in the motel room or that any of the drugs or drug paraphernalia belonged to him.  However, we conclude that the evidence establishing Appellant’s possession of the drugs and drug paraphernalia is not outweighed by evidence to the contrary.  The State was not required to prove that Appellant exercised exclusive control, management, or care over the drugs.  
See Poindexter
, 153 S.W.3d at 412; 
Cude,
 716 S.W.2d at 47.  The State had to show only that his “connection with the drug[s and drug paraphernalia] was more than just fortuitous.”  
Poindexter
, 153 S.W.3d at 405-06.  The fact that other people resided in or visited the motel room did not preclude a finding that Appellant possessed the drugs and drug paraphernalia.  Moreover, the jury was free to believe or disbelieve witnesses’ testimony regarding who did or did not reside in room 121 of the Interstate Motel.  
See Zuniga
, 144 S.W.3d at 484-85; 
Cain
, 958 S.W.2d at 407.  Thus, viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found the essential elements of the charged offenses beyond a reasonable doubt.  
Jackson
, 443 U.S. at 319.  Furthermore, viewing all the evidence in a neutral light, favoring neither party, we also conclude that the evidence supporting the verdict, taken alone, is not too weak to support the finding of guilt beyond a reasonable doubt and that the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
Zuniga, 
144 S.W.3d at 481.  Accordingly, we hold that the evidence is both legally and factually sufficient to support Appellant’s conviction.  We overrule Appellant’s third point.

Conclusion

Having overruled Appellant’s three points on appeal, we affirm the trial court’s judgment.

PER CURIAM

PANEL B:  HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 11, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.